F. LLOYD NOELL v. BARRY T. WINSTON, ADAM STEIN, J. KIRK
OSBORN, LUNSFORD LONG, AND DOUG HARGRAVE

No. 8015SC783

(Filed 7 April 1981)

**Attorneys at Law § 7– deletion of name from indigent defendant appointment list –
failure to state claim for damages**

   Plaintiff attorney's allegations that defendant members of a county Bar
   Association committee had deleted plaintiff's name from indigent defendant
   appointment lists and that the District Bar had not adopted a plan authoriz-
   ing defendants to formulate rules for appointment of counsel failed to state a
   claim for damages based on a denial of due process or trespass against
   plaintiff's property rights under G.S. 99A-1. Furthermore, where plaintiff
   failed to raise in his appellate brief the questions of whether this State
   recognizes the tort of interference with the prospective economic advantage
   of an attorney or whether his complaint alleges sufficient facts to state such
   a cause of action, the Court of Appeals will not raise such questions on its
   own initiative. Appellate Rule 28(a).

APPEAL by plaintiff from *Mills, Judge.* Order entered 16
June 1980 in Superior Court, ORANGE County. Heard in the
Court of Appeals 4 March 1981.

   Plaintiff, a licensed attorney practicing in Orange County,
filed a complaint alleging that he had received a letter dated 21
November 1979 from defendant Winston advising him that an
Orange County Bar Association Committee, of which the indi-
vidual defendants are members, had deleted plaintiff's name
from all lists for appointment of counsel in indigent cases effec-
tive 1 December 1979. The plaintiff further alleged that the
legislature enacted statutes in 1969 requiring the North Caroli-
na State Bar Council to make rules and regulations relating to
the assignment of counsel for indigent defendants (*see* N.C.
Gen. Stat. § 7A-459); that pursuant to this statutory authority,
the Bar Council adopted such regulations (Appendix VIII of

Volume 4A of the General Statutes); that since the adoption of those regulations, the plaintiff's name has appeared on the attorney list for indigent appointments; that the representation of indigent criminal defendants constituted a substantial part of the plaintiff's law practice; and that the District 15-B Bar has never adopted a plan authorizing the defendants to formulate rules for appointment of counsel. The plaintiff also alleged that the defendants' actions resulted in the plaintiff's name being removed from all appointment lists for indigent defendants; that those actions constituted wrongful and malicious interference with plaintiff's right to pursue the practice of law, were done without any lawful excuse, and were contrary to the North Carolina State Bar Council's rules and regulations; and that those actions have permanently damaged plaintiff's law practice.

Plaintiff sought to recover jointly and severally from the defendants, $100,000.00 in actual damages, $500,000.00 in punitive damages, and costs. Defendants moved to dismiss the complaint, pursuant to N.C. Gen. Stat. § 1-1A, Rule 12(b)(6), for failure to state a claim for relief. The court granted that motion and plaintiff appealed.

*Graham & Cheshire by Lucius M. Cheshire, for the plaintiff-appellant.*

*Manning, Fulton & Skinner by Howard E. Manning, for the defendants-appellees.*

MARTIN (Robert M.), Judge.

Plaintiff's sole assignment of error is that Judge Mills erred in allowing defendants' motion to dismiss the complaint pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6), for failure to state a claim upon which relief could be granted. For reasons stated below, we affirm the action of the trial court in dismissing the complaint.

A complaint is sufficient to withstand a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted where no insurmountable bar to recovery on the claim alleged appears on the face of the complaint and the allegations contained therein are sufficient to give the defendant sufficient notice of the nature and basis of the plaintiff's claim to enable him to answer and prepare for trial. *Sutton*

*v. Duke*, 277 N.C. 94, 176 S.E. 2d 161 (1970). For purposes of the motion, the allegations of the complaint must be treated as true. *Presnell v. Pell*, 298 N.C. 715, 260 S.E. 2d 611 (1979).

In their appellate brief, defendants argue that "plaintiff's complaint fails to state a claim for relief in that it pleads no recognized, or even recognizable, cause of action." If there is an absence of law to support a claim of the sort made, the complaint is properly dismissed pursuant to Rule 12(b)(6). *Snyder v. Freeman*, 300 N.C. 204, 266 S.E. 2d 593 (1980).

In his appellate brief, plaintiff attempts to give two theoretical bases for the relief sought: (1) denial of his constitutional right of due process and (2) actionable trespass against plaintiff's property rights under N.C. Gen. Stat. § 99A-1. For neither of these two theories would the facts pleaded support a recovery. Plaintiff did not allege any governmental action. The constitutional provisions guaranteeing due process of law act to prohibit any *state* action which deprives an individual of due process. Likewise, plaintiff has failed to allege any facts which would entitle him to recovery of damages for interference with his property rights under N.C. Gen. Stat. § 99A-1. That statute created a right of action in the owner, his agent or a bailee of stolen property for recovery of damages from one who is criminally guilty of receiving stolen property. *Russell v. Taylor*, 37 N.C. App. 520, 246 S.E. 2d 569 (1978).

We are aware that many jurisdictions recognize a cause of action for interference with a business relationship or expectancy of an attorney, Annot., 26 A.L.R. 3d 679 (1969); 45 Am. Jur. 2d *Interference* § 1, *et seq.* (1969); W. Prosser, Handbook of the Law of Torts § 130 (4th ed. 1971), although we have been unable to find any authority in this State recognizing such a cause of action. Plaintiff has not chosen to raise in his appellate brief the questions of whether this State recognizes the tort of interference with the prospective economic advantage of an attorney or whether his complaint alleges sufficient facts to state such a cause of action, and this Court will not raise such questions on its own initiative. Rule 28(a), N.C. Rules App. Proc.

The order of the trial judge allowing defendants' motion to dismiss the complaint for failure to state a claim upon which relief could be granted pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) is affirmed.

Affirmed.

Judges ARNOLD and HILL concur.